WLG
WIGGINS LAW GROUP

**Anne Marie McGinley, Esq.**
Of Counsel
Licensed in MD/DC
(443) 537-8853
amm@wigginslawpc.com

April 27, 2026

**VIA CM/ECF PACER**
The Honorable Judge Theodore D. Chuang
United States District Court for the
District of Maryland, Greenbelt
6500 Cherrywood Lane
Greenbelt, MD 20770

Re *Tiffany Quzack-White, et al. v. University of Maryland Capital Region Medical Center, et al.*
Case No.: 8:26-cv-01276-TDC
**Defendants' Notice of Intent to File Motion to Strike Portions of the Plaintiffs' Complaint**

Dear Judge Chuang,

Please allow this letter to serve as Defendants' Notice of Intent to File a Motion to Strike Portions of the Plaintiffs' Complaint and other relief in accordance with your Case Management Order, ECF No. 4. The Complaint (ECF No. 1) is based on Federal Question (alleged racial discrimination) and ancillary State claims (alleged medical negligence) arising out of the Plaintiff Tiffany Quzack-White's hospitalization in October 2025, and was filed by Douglas Jackson-Quzack, Esq., the respective brother and son of the named Plaintiffs. Mr. Jackson-Quzack, a potential witness and self-described "brother, protector and advocate," has engaged in certain behavior which must be curbed.

As set forth below, the Defendants' proposed Motion to Strike is based on three primary grounds. First, the Complaint includes demeaning and derogatory allegations against Defendants and counsel. The Complaint's preliminary statement serves as an example. It baselessly accuses Defendants of "a calculated, multi-month campaign of administrative gaslighting and professional stalling designed to weary a grieving family and shield a corporate medical system from accountability." Second, it makes reference to confidential pre-litigation settlement discussions. Third, it is replete with immaterial, impertinent, and scandalous allegations relating to the Defendants' litigation history and completely irrelevant data security failures.

Undersigned's good faith efforts to resolve this matter prior to seeking Court intervention have been exhausted. To the contrary, Mr. Jackson-Quzack published undersigned's formal good-faith letter along with an excerpt of the Complaint on social media and made further attacks in potential violation of MARPC 19-303.6 (Trial Publicity), MARPC 19-304.4 (Respect for Rights of Third Persons), and MARPC 19-308.4(d) (Misconduct). See also, D. Md. Local Rule 704 (explicitly

adopting the Maryland Attorneys' Rules of Professional Conduct as the standard for all attorneys practicing before this Court). Other appropriate relief may include a tailored gag order.

By way of background, opposing counsel's unprofessional emails began pre-suit. His March 27th email regarding Defendants' claim assessment and rejection of Plaintiffs' informal request to waive service includes the following barbs:

> [i]t is because of these stalling tactics by state court litigators that give the bar a bad name especially when defending a habitual (sic) liability - guess those billables will be worth it because this case will go (sic) trial. I must say I was pretty duped by your reputation ... seems like your reputation is a bit overstated. I guess you don't follow the science and literature after all.

Undersigned replied, the same day, "[y]our e-mail is unprofessional and not appropriate for a member of the federal bar. If I receive another communication as unprofessional as this, I will pursue appropriate recourse." Mr. Jackson-Quzack then filed the subject Complaint on March 31, 2026. Undersigned promptly wrote him a good faith letter on April 3, 2026, setting forth the defects in the pleading and affording him the "opportunity to withdraw the current Complaint and file an Amended Complaint within 10 days that redacts the scandalous characterizations and the references to settlement communications" and potentially a show cause order under Rule 11. He responded the next day, threatening to move for his own sanctions, if he did not receive an executed waiver of service "immediately" and a withdrawal of undersigned's "procedurally defective April 3 threat." He also took to the public networking platform LinkedIn, where he broadcast the filing of this lawsuit, posted the preliminary statement, publicly accused the Defendants of a "systematic deviation from the standard of care" and posted the Defense Counsel's confidential letter. His unsupported and prejudicial assertions serve no substantial purpose other than to embarrass or burden the Defendants and/or to improperly try this case in the court of public opinion.

Having then received a formal request for a service waiver dated March 31st, in a final effort to resolve our differences, undersigned was able to secure consent on behalf of the Defendants and advised Plaintiff's counsel on April 15, 2026. Unfortunately, Mr. Jackson-Quzack has chosen to stand pat.

Regarding the Defendants' proposed Motion, Rule 12 (f) permits the Court, acting either on its own or on a motion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). Throughout the Plaintiffs' allegations are inappropriate and gratuitous comments mocking undersigned counsel's reputation, experience, and character. *See* Pl. Compl. (ECF 1) at pp. 2-4, ¶59. Such allegations are not only scandalous, but they are inappropriate, offensive, and unduly prejudicial. *Carone v. Whalen*, 121 F.R.D. 231 (M.D. Pa. 1988) (Granting a Motion to Strike the Plaintiffs' Complaint in toto when the allegations contained within the pleading had repeatedly attacked the defendant's attorney's character). As the Fourth Circuit has noted, "the court should not hesitate to strike such portions of the pleadings." *See Nault's Auto. Sales, Inc. v. Am. Honda Motor Co., Inc.*, 148 F.R.D. 25, 30 (D.N.H. 1993) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988

The Plaintiffs' Complaint also includes immaterial and prejudicial allegations pertaining to the confidential pre-litigation settlement discussions between the parties, prohibited under the Federal

Rules of Evidence 408. Defendants' pre-suit assessment reflects Plaintiffs' flawed supposition of racial discrimination and lack of any medical expert. The Complaint improperly references a "Boilerplate denial" at ¶6; substantive discussions with Defendants' claims manager at ¶38; "resolution discussions" at ¶40; and wrongly suggests "Attorneys of Ms. McGinley's experience and caliber do not place unsolicited calls to opposing counsel merely to re-affirm positions their clients have already communicated in writing" in footnote 1 p. 3. Together these and other improper references are designed to improperly disclose and discredit Defendants' confidential settlement position. *See* Pl. Compl. (ECF 1) at pp. 1-4, 6 and ¶¶6, 31-43, 96, 100.

The Fourth Circuit Courts have concluded that factual allegations within a plaintiff's complaint may be properly considered immaterial and prejudicial, where they allege evidence of settlement negotiations in violation of Rule 408. *See Sharestates Invs., LLC v. WFG Nat'l Title Ins. Co.*, No. 1:23-CV-01416-JMC, 2023 U.S. Dist. LEXIS 215700, at *8-18 (D. Md. Dec. 5, 2023) (Granting a motion to strike portions of the Complaint that allege the contents of settlement communications), *Anderson v. United States*, No. CIV. CCB-08-3, 2009 U.S. Dist. LEXIS 27164, 2009 WL 890094, at *1 n.1 (D. Md. Mar. 26, 2009) (Granting motion to strike "plaintiff's references to the parties' settlement discussions" "In accordance with Federal Rule of Evidence 408, which makes inadmissible certain evidence pertaining to settlement negotiations"); *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 289 (E.D. Pa. 2009) (Granting a motion to strike portions of a Complaint that allege evidence of settlement negotiations violating FRE 408). The Court of Appeals for the Fourth Circuit has upheld the practice of striking allegations related to pre-litigation settlement negotiations between the parties' attorneys as immaterial. *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 246-47 (4th Cir. 2007).

Moreover, the Plaintiffs' Complaint provides immaterial, impertinent, and scandalous allegations relating to the Defendants' litigation history and alleged data security failures of the Defendants. None of these allegations relate to the Plaintiffs' claims of medical malpractice, gross negligence, violation of EMTALA, violations of the Rehabilitation Act, or racial discrimination. Plaintiffs' only purpose for their inclusion is to demean and diminish the reputations of the Defendants. *See* Pl. Compl. (ECF 1) at ¶¶56-70. References and evidence of these health care Defendants' prior medical malpractice suits are inadmissible to prove liability under Maryland law and have been found unduly prejudicial. *See Lai v. Sagle*, 373 Md. 306, 319 (2003).

The Defendants seek approval to file a Motion to Strike Portions of Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(f) and to request this Honorable Court to strike portions of the Plaintiffs' Complaint and, should opposing counsel persist after this Notice, consider further relief by limiting his improper extrajudicial publications and/or to show cause under Rule 11. Finally, please note the deadline for responsive pleadings/dispositive motions to the pending Complaint is currently May 30th. Any additional requests for leave will be timely addressed under separate cover.

Sincerely,

Anne Marie McGinley
(Bar No.: 05775)