**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **TIFFANY N. QUZACK-WHITE and VERONICA QUZACK,**<br>*Petitioner*<br><br>v.<br><br>**AVANATH LARGO CENTER, LLC, ADRIANA OQUENDO, and LADONA STATON**<br>*Respondents.* | **CASE NO:** Civil Action No. 8:26-cv-01276-TDC |

**DECLARATION OF DOUGLAS W. JACKSON-QUZACK, ESQ.**
**IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**TO STRIKE AND PLAINTIFFS' CROSS-MOTION FOR SANCTIONS**

I, Douglas W. Jackson-Quzack, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

## I. BACKGROUND OF PLAINTIFFS' COUNSEL

**1)** I am counsel of record for Plaintiffs Tiffany Quzack-White, Veronica Quzack, and Nova Quzack-White in the above-captioned action. I make this Declaration in support of Plaintiffs' Combined Opposition to Defendants' Motion to Strike (ECF No. 23) and Cross-Motion for Sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent authority.

**2)** I am a member in good standing of the Bar of the District of Columbia (Bar No. 1312180036), the Bar of the United States District Court for the District of Maryland (Bar No. 20223), and the District of Columbia Court of Appeals. I received my J.D. from Howard University School of Law in 2013, graduating cum laude. I have experience in complex federal litigation, including at Arnold & Porter LLP and Hollingsworth LLP. I am familiar with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Case Management Order ("CMO") (ECF No. 4).

**3)** This Declaration does **not** duplicate any exhibits already filed. Consistent with the CMO, I refer to the Joint Record ("J.R.") exhibits already submitted as **J.R. 000001–41**. The next sequential exhibit (**J.R. 000042**) is attached to this Declaration and consists of my contemporaneous invoice documenting time and fees incurred as a result of Defense Counsel's conduct.

---

## II. RELEVANT TIMELINE RELATED TO SANCTIONS (NOTICE, NON-RESPONSE, AND MULTIPLICATION OF PROCEEDINGS)

**4)** ***Service Refusal***: On March 27, 2026, I notified Defense Counsel of Plaintiffs' intent to request waivers of service under Fed. R. Civ. P. 4(d). Defense Counsel declined to engage in a Rule 4(d) discussion and did not respond to multiple follow-up communications. This refusal required additional attorney time and ultimately resulted in the April 15, 2026 email (J.R. 000030) in which Defense Counsel reversed course and agreed to waive service

**5)** ***Defective Rule 11 "Safe Harbor" Notice***: Defense Counsel sent a letter dated April 3 (on Good Friday, a federal holiday), *see* J.R. 000028-29, purporting to invoke Rule 11. The letter:

a) Provided **<u>10 days</u>**, not the mandatory 21-day safe-harbor period;

b) **<u>Did not</u>** identify the LinkedIn post later used as a basis for sanctions in ECF No. 9;

c) **<u>Did not</u>** specify any curative action; and

d) After I responded in email with calling out the numerous defects, the undersigned has yet to receive any follow-up communication from Defense Counsel.

e) Defense Counsel never withdrew or corrected the defective notice.

**6)** ***Filing of ECF No. 9 Without Further Notice***: Despite the defective safe-harbor notice and the absence of any further communication, Defense Counsel filed ECF No. 9. No additional notice was provided, and no attempt was made to confer before filing.

**7)** ***"Impasse" Declaration Without Meeting or Conferral***: Defense Counsel sent an email on May 6, 2026 (J.R. 000031) stating that "the parties are at an impasse" and that Defendants would raise their "proposed Motion" at the Case Management Conference. No telephone call, video conference, or in-person meeting occurred before this declaration of impasse.

**8)** ***High-Importance Email***: On May 14, 2026, Defense Counsel sent a "High Importance" email (J.R. 000032–33) reiterating positions previously stated and characterizing Plaintiffs' filings. No attempt was made by Defense Counsel to resolve issues or narrow the parties' disputes

**9)** ***Filing of ECF No. 23***: Defense Counsel filed a Motion to Strike with**)**, which is a table of complaint excerpts that they simultaneously labeled "scandalous" and "prejudicial," yet filed publicly without a motion to seal. **Exhibit 6 (J.R. 000034–41**. Notably, **Exhibit 6**

10. At each stage, Defense Counsel received notice of Plaintiffs' position yet **did not respond**, did not confer, and did not attempt to narrow issues. This pattern required Plaintiffs' counsel to expend substantial time addressing avoidable disputes and collateral filings.

---

## **III. TIME AND FEES ATTRIBUTABLE TO DEFENSE COUNSEL'S CONDUCT**

11. From March 27, 2026 through June 20, 2026, I expended **45.0 hours** responding to Defense Counsel's refusal to confer, defective Rule 11 notice, premature sanctions motion, impasse declaration, and the filings at ECF Nos. 9 and 23, as well as preparing Plaintiffs' Opposition and Cross-Motion.

12. My hourly rate is **$719**, consistent with the Fitzpatrick Matrix for an attorney with approximately 13 years of experience in the Washington, D.C. metropolitan area. See *J.T. v. District of Columbia*, No. 22-cv-00117, 2023 WL 355940, at *7 (D.D.C. Jan. 23, 2023) (Howell, C.J.).

13. The total fees incurred as a direct result of Defense Counsel's conduct are **$32,355.00**.

### **13A. Voluntary Reduction Consistent with District of Maryland Practice**

Consistent with prevailing practice in the United States District Court for the District of Maryland, I exercised billing judgment and applied a **voluntary reduction** to my time before submitting the attached invoice. The District of Maryland routinely expects counsel to apply such reductions to ensure that fee requests reflect only reasonable, necessary, and non-duplicative time. In accordance with that practice, I reviewed all time entries related to Defense Counsel's conduct and removed internal communications, administrative time, and any time that could arguably be considered excessive or redundant. The invoice attached as **J.R. 000042** reflects this voluntary reduction and represents only the hours reasonably attributable to Defense Counsel's multiplication of proceedings under 28 U.S.C. § 1927 and this Court's inherent authority. **The invoice detailing all work performed is included as an appendix to this Declaration.**

14. A true and accurate copy of my contemporaneous invoice, reflecting the voluntary reduction described above, is attached as **J.R. 000042**.

---

## **IV. CONCLUSION**

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of June 2026.

____________________________________

**Douglas W. Jackson-Quzack, Esq.**

D. Md. Bar No. 20223

---

If you want, I can now:

- Format this into a **PDF-ready version**
- Draft the **Proposed Order**
- Draft the **sanctions argument section**
- Prepare a **reply brief** anticipating Defendants' objections

Just tell me what you want next.

I am a member in good standing of the Bar of the District of Columbia (Bar No. 1312180036), the Bar of the United States District Court for the District of Maryland (Bar No. 20223), and the Bar of the District of Columbia Court of Appeals. I received my J.D. from Howard University School of Law in 2013, graduating cum laude. I have prior experience in complex federal civil litigation, including experience at Arnold & Porter LLP and Hollingsworth LLP, where I worked on pharmaceutical and products liability defense matters. I am familiar with the Federal Rules of Civil Procedure, the Local Rules of this Court, this Court's Case Management Order (ECF No. 4), and the controlling Fourth Circuit authority applicable to the issues presented in ECF No. 23.

3. The Exhibits comprising the Movants' Joint Record (J.R. 000001–41) are true and accurate copies of the documents they purport to represent. Specifically:

Exhibit 1 (J.R. 000001–27): Transcript of the Case Management Conference conducted by the Honorable Theodore D. Chuang on May 21, 2026 in the above-captioned action. I was personally present at this conference.

Exhibit 2 (J.R. 000028–29): Letter from Anne Marie McGinley, Esq. to Douglas W. Jackson-Quzack, Esq., dated April 3, 2026, purporting to serve as a Rule 11 safe-harbor notice. This letter gave Plaintiffs' counsel 10 days to cure alleged deficiencies — less than the 21-day period mandated by Fed. R. Civ. P. 11(c)(2). The letter did not mention the LinkedIn post that later appeared as a basis for relief in ECF No. 9. This letter was transmitted by email and received on April 3, 2026.

Exhibit 3 (J.R. 000030): Email from Anne Marie McGinley, Esq. to Douglas W. Jackson-Quzack, Esq., dated April 15, 2026, transmitting executed Waivers of Service. This email reflects Defense Counsel's agreement to waive service following multiple communications in which Plaintiffs' counsel explained the applicable requirements of FRCP 4(d).

Exhibit 4 (J.R. 000031): Email from Anne Marie McGinley, Esq. to Douglas W. Jackson-Quzack, Esq., dated May 6, 2026, in which Defense Counsel stated that "the parties are at an impasse" and that Defendants "will address Defendants' proposed Motion at the upcoming Case Management Conference." This email was transmitted without any telephone conference, video conference, or in-person meeting having been conducted.

Exhibit 5 (J.R. 000032–33): Email from Anne Marie McGinley, Esq. to Douglas W. Jackson-Quzack, Esq., dated May 14, 2026, transmitted as "High Importance," reiterating Defense Counsel's positions and characterizing certain of Plaintiffs' counsel's filings.

Exhibit 6 (J.R. 000034–41): Table of complaint excerpts attached by Defendants as their own exhibit to ECF No. 23 — the same excerpts Defendants characterize as "scandalous" and "prejudicial" to the public record. Defense Counsel filed this exhibit without filing a motion to seal.

4. Beginning on March 27, 2026, I expended 45.0 hours of attorney time in connection with Defense Counsel's course of conduct documented in the Joint Record — specifically, the service refusal (commencing March 27, 2026), the defective safe-harbor notice (April 3, 2026), the filing of ECF No. 9 (April 27, 2026), the impasse declaration (May 6, 2026), the May 14 follow-up email, and the filing of ECF No. 23 (June 5, 2026) and the preparation of this Combined Opposition and Cross-Motion. My billing rate is $719 per hour, consistent with the Fitzpatrick Matrix for an attorney with 13 years of experience in this market. The total fees expended are $32,355.00, as set forth in the attached Invoice.

5. The applicable Fitzpatrick Matrix rate for an attorney with approximately 13 years of experience in the Washington, D.C. metropolitan area is $719 per hour. See J.T. v. District of Columbia, No. 22-cv-00117, 2023 WL 355940, at *7 (D.D.C. Jan. 23, 2023) (Howell, C.J.) (awarding $664/hour for attorney with 13 years' experience under 2023 Fitzpatrick Matrix; matrix updated annually for market rates). This rate reflects reasonable and necessary attorney time devoted exclusively to the collateral proceedings generated by Defense Counsel's course of conduct.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of June 2026.

_________________________________________

Douglas W. Jackson-Quzack, Esq.
D.C. Bar No. 1312180036 | D. Md. Bar No. 20223