**DOUGLAS JACKSON-QUZACK, ESQ.**
Tel: (240) 355-0251 | Email: Doug.Quzack.Esq@outlook.com

**May 17, 2026**

**VIA ECF**
The Honorable Theodore D. Chuang
United States District Judge for the District of Maryland

**Re:** *Quzack-White, et al. v. Univ. of Md. Cap. Reg. Med. Ctr., et al.*, No. 8:26-cv-01276-TDC
**Notice of Instances that Defense Counsel Was Informed About Adverse Authority**

**Dear Judge Chuang**:

Plaintiffs respectfully submit this letter before the May 21, 2026 Case Management Conference ("May 21 CMC") to provide the Court with a complete factual record of eleven written or recorded communications in which Plaintiffs' counsel identified—with citations to controlling Fourth Circuit, Supreme Court, and Maryland authority—the legal defects in Defense Counsel's positions in ECF Nos. 9 and 17. Despite those notices, Defense Counsel did not withdraw, correct, substantively address, apologize for, or acknowledge those errors.

Three points bear emphasis. ***First***, these disputes reflect Defense Counsel's repeated decision to proceed with, after written notice, procedurally defective papers and unsupported positions. ***Second***, continuing to press a meritless position after notice is independently sanctionable. ***Third***, the prior restraint Defense Counsel seeks requires a particularized showing of material prejudice, which Defense Counsel has *never done*. Indeed, *neither ECF No. 9 nor ECF No. 17* cite actual binding Maryland or federal authority to support Defense Counsel's legally erroneous arguments to this Court. Plaintiffs ask only that the Court consider this record at the May 21 CMC.

***Initial Preliminary Matter***. ECF No. 17 describes the communications below as "hostile" and "voluminous." Each communication is substantial because each identifies, with citation, a specific legal defect that Plaintiffs' Counsel asked Defense Counsel to address. Labeling that record "hostile" is not a neutral description; it is a characterization the Court should assess against what was actually said.[1] Consistent with Rule 11, the undersigned states the following:

Plaintiffs' Counsel studied journalism at the University of Maryland, Philip Merrill College of Journalism, where he received the White House Correspondents' Association Award and attended the annual dinner in 2006 as an honorary guest with President George W. Bush. He also was selected as an academic participant in the Salzburg Global Seminar on media literacy.

He then attended Howard University School of Law ("HUSL"), graduating cum laude in the top fifteen percent of his class. He studied Civil Procedure and Complex Litigation, earned multiple CALI Awards, served on the Executive Board of the Charles Hamilton Houston National Moot

[1] The way Defense Counsel has characterized Plaintiffs' Counsel's professional conduct in ECF No. 9 and ECF No. 17 (including descriptions of his advocacy and extrajudicial speech as "***aggressive***," "***improper***," "***hostile***," which she believes warrants judicial intervention and drastic remedies) is a pattern that legal scholars have examined at length. **CHAN TOV MCNAMARAH, *WHITE CALLER CRIME: RACIALIZED POLICE COMMUNICATION AND EXISTING WHILE BLACK*, 24 MICH. J. RACE & L. 335, 340–41 (2019)** (describing "racially weaponized reporting" as the practice of invoking institutional authority against Black persons for conduct that would draw no such invocation from a similarly situated white person); **MEGAN ARMSTRONG, *FROM LYNCHING TO CENTRAL PARK KAREN: HOW WHITE WOMEN WEAPONIZE WHITE WOMANHOOD*, 32 HASTINGS WOMEN'S L.J. 27, 29–31 (2021)** (documenting the specific pattern of white women invoking institutional authority to police and silence Black professionals while framing themselves as the aggrieved party). The Court need not resolve any question under this literature to adjudicate the matters set for the May 21 Conference. The citations are offered solely to place the record in its fuller context.

DOUGLAS JACKSON-QUZACK, ESQ.
Tel: (240) 355-0251 | Email: Doug.Quzack.Esq@outlook.com

Court Team, and served in the civil rights clinic and as legal writing teaching assistant. He also interned for two judges on the D.C. Superior Court, whose civil rules mirror the federal rules.

Plaintiffs' Counsel spent nearly a decade at AmLaw 100 firms representing Fortune 500 companies in complex federal litigation. His matters also included pro bono work, including a Title VII class action against the D.C. Metro transit authority challenging an unlawful discriminatory background policy. He was the lead drafter of the motion for class certification, which the court granted. He also served as a moot court coach at HUSL, helping the team win the civil rights competition in 2017. In 2023, he was named a Rising Star Super Lawyer.

Plaintiffs' Counsel came to this case after his mother suffered a cardiac event involving delayed medical intervention and after he witnessed the injuries Defendants caused to his sister, Tiffany Quzack-White. All the foregoing is a matter of public record and independently verifiable—at no cost through public sources via Google.

## DOCUMENTED NOTICES TO DEFENSE COUNSEL

**No. 1 (Mar. 27)**: ***Rule 4(d) Waiver of Service.*** Defense Counsel declined to facilitate Defendant's waiver of service, stating that her firm was "**unable to accept service**" (along with misspelling Plaintiffs' Counsel's family surname as "**Quzak**"). That same day, Plaintiffs' Counsel explained the mandatory duty of corporate defendants to comply with FRCP 4(d). Defense Counsel responded that doing so was "***unprofessional and not appropriate for a member of the federal bar***" and warned that if she "***receive[d] another communication***" explaining the law, she would "***pursue appropriate recourse***." Defense Counsel eventually executed waivers, but *nineteen days (nearly three weeks)* later without explanation for the delay.

**No. 2 (Apr. 3)**: ***Same-Day Response to Rule 11 Threat Letter.*** On Good Friday (a federal holiday), Defense Counsel asserted that the federal complaint had been filed merely out of spite and in retaliation against her personally, despite written notice that a federal complaint was imminent:

> ***I sent you an email advising you that your communications were unprofessional and beneath the standards . . . of the federal bar. You then filed a 30-page public Complaint. This letter gives you an opportunity to reverse your improper conduct before formal action is taken.***
>
> ***This is your final opportunity to withdraw the current Complaint and file an Amended Complaint within 10 days that redacts the scandalous characterizations and references to settlement communications. If you do not, we will move to strike the offending material and seek an order requiring you to show cause why sanctions should not be imposed under Rule 11.***

Plaintiffs' Counsel in response noted the improper timeframe with a threat of Rule 11 sanctions, the absence of a separate motion, along with improperly seeking other relief sought, and incorrectly invoking FRE 408 as a pleading bar, with citations to multiple federal cases that directly rebuke Defense Counsel's contentions and conduct.

**No. 3 (Apr. 4)**: ***Additional Authority Transmitted.*** Plaintiffs' Counsel emailed "in the interest of ensuring that all parties understand the federal law governing vexatious litigation and the consequences of abusive litigation tactics," including the Rule 11 threat and the broader procedural defects in the effort to strike the Complaint and censor public LinkedIn posts about this publicly filed case April 3 Letter. The following quote was also shared: "*Threatening sanctions casually or as a matter of course has no place among officers of the court*" as it "*threatens the civility and professionalism on which the fair administration of justice depends*."

**No. 4 (Apr. 27)**: ***Same-Day Notices of Defective Filing (ECF No. 9).*** Plaintiffs' Counsel notified Defense Counsel that the requested relief of **"***limiting his improper extrajudicial publications***"**

**DOUGLAS JACKSON-QUZACK, ESQ.**
Tel: (240) 355-0251 | Email: Doug.Quzack.Esq@outlook.com

lacked support in federal and Constitutional law. ECF No. 9 cited a Fourth Circuit case concerning FRE 408 and pleadings, but that decision expressly rejects Defense Counsel's position.

No. 5 (Apr. 30): ***Monitoring of Plaintiffs' Counsel's LinkedIn.*** Plaintiffs' Counsel informed Defense Counsel that this monitoring was unnecessary and immaterial because ECF No. 9 had not produced any of the relief it sought. He also reminded Defense Counsel that *FRCP 12(f) applies only to pleadings* and that the *First Amendment – not Defense Counsel – controls speech*. Plaintiffs' Counsel also invited Defense Counsel to schedule a meeting in accordance with the Court's Notice (ECF No. 10). No response from Defense Counsel.

No. 6 (May 9): ***ECF No. 14 & 15.*** Plaintiffs filed and sent Defense Counsel eleven pages of briefing on the controlling authority omitted from ECF No. 9.

No. 7 (May 10): ***Non-Binding Out-of-Circuit Authority Identified in Writing.*** On Mother's Day, Plaintiffs' Counsel discovered and *immediately informed* Defense Counsel that ECF No. 9 relied on nonbinding authority from another circuit for its principal Rule 12(f) argument: "***As the Fourth Circuit has noted***, 'the court should not hesitate to strike such portions of the pleadings.' *See*. . . (**D.N.H. 1993**) (***citing*** . . . (**1st Cir. 1988**))."

Nos. 8 & 9 (May 11-13): ***Response to Defense Counsel's First Attempt to Confer.*** Defense Counsel offered conference dates without withdrawing ECF No. 9 or acknowledging any of the controlling authorities identified in the previous notices. Defense Counsel insisted that Plaintiffs' Counsel's publishing of ECF No. 9 constituted "***opposing counsel persist[ing]***" and wanted the parties' respective counsel to discuss "***limiting his improper extrajudicial publications and/or to show cause under Rule 11***." Plaintiffs' Counsel replied on the same day with binding authority again.

No. 9 (May 14): ***§ 1927 / Inherent Authority Notice.*** ECF No. 17 was filed even though Defense Counsel was notified *8 hours prior* that ECF No. 14 invoked federal statutory authority and the Court's inherent authority, and thus, was not subject to Rule 11's safe harbor. Defense Counsel still pressed on anyway but still conspicuously omitted direct, controlling authority that is adverse to Defense Counsel's contentions. Instead, she wants the Court to simply "***disregard***" the out-of-circuit citation in ECF No. 9 as a mere "***drafting error***" without any Fourth Circuit substitute.

No. 10 (May 15): ***ECF No. 18 & Notice of Omission of Maryland Safe Harbor.*** Defense Counsel summarized ECF No. 18 to Defense Counsel regarding the defects in her ECF No. 17. In another email, Defense Counsel was notified of her erroneous invocation of MARPC 19-303.6(a) as a basis for sanctioning Plaintiffs' Counsel's speech, *but omitted MARPC 19-303.6(b) entirely from ECF No. 17, which expressly authorizes a lawyer to state publicly the claim involved, the identity of the persons involved, and information contained in a public record*. Defense Counsel has yet to acknowledge this error (or any other error mentioned above).

## RELIEF REQUESTED

Plaintiffs do not seek adjudication here – they only request that the Court take this record into consideration before and at the May 21 CMC.

Respectfully Submitted,

*Doug Quzack*
Douglas Jackson-Quzack, Esq.
*Attorney for Plaintiffs*