| **Quotation within Plaintiffs' Opposition to Defendants' Motion to Strike and Plaintiffs' Cross Motion for Sanctions (ECF No. 24)** | **Page Number** | **Issue** |
|---|---|---|
| This is not debatable as this Circuit has long held for decades that "Rule 12(f) motions may be directed only to material contained in pleadings." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) | 4 | Nonexistent quote |
| *United States v. Fairchild*, 803 F.2d 1121, 1124 (4th Cir. 1986) (explaining that Rule 12(f) "applies only to pleadings," rejecting attempt to strike non-pleading material) | 4 | Incorrect treatment of case; Incorrect citation; Nonexistent quote. 803 F.2d 1121 is the citation to *United States v. Fairchild,* 803 F.2d 1121 (11th Cir. 1986). |
| *Brown v. Inst. for Family Ctr. Servs.*, 2005 WL Case 1168460, at *2 (D. Md. May 17, 2005) (a motion "is not a pleading" and "cannot be stricken under Rule 12(f)") | 4-5 | Incorrect treatment of case; Incorrect citation; Nonexistent quote. 2005 WL1168460 is the citation to *Eaton v. Barnhart,* No. 04-84-B-W, 2005 WL 1168460, 2005 U.S. Dist. LEXIS 5796 (D. Me. Mar. 14, 2005). |
| *McLaughlin v. Copeland,* 435 F. Supp. 513, 519 (D. Md. 1977) (Rule 12(f) "is addressed only to pleadings, not to motions or other papers," refusing to strike non-pleading material). | 5 | Nonexistent quote; Incorrect treatment of case. |
| Where relevance will depend on disputed facts developed in discovery, striking is premature. *Schultz v. Braga,* 290 F. Supp. 2d 637, 654–655 (D. Md. 2003). | 5 | Incorrect treatment of case. |
| It has not been acknowledged. Prior restraints on attorney speech are a "last resort" subject to strict scrutiny. *In re Murphy-Brown, LLC,* 907 F.3d 788, 796–97 (4th Cir. 2018). | 5 | |
| Independently, even if these communications qualified as compromise negotiations, they remain admissible under FRE 408(b) to prove a party's intent. *Coakley,* 973 F.2d at 353–54. | 8 | Incorrect treatment of case. |
| Courts in this District therefore decline to strike allegations that may bear on issues such as state of mind, notice, pattern of conduct, institutional practices, punitive damages, or sanctions-related recklessness, because each of these subjects is inherently fact-dependent and cannot be resolved at the pleading stage. *See e.g. Coakley & Williams* | 9 | Incorrect treatment of case. |

| | | |
|---|---|---|
| *Constr., Inc. v. Structural Concrete Equip., Inc.*, 973 F.2d 349, 353 (4th Cir. 1992) (pre-litigation conduct admissible for state-of-mind purposes) | | |
| Courts in this District therefore decline to strike allegations that may bear on issues such as state of mind, notice, pattern of conduct, institutional practices, punitive damages, or sanctions-related recklessness, because each of these subjects is inherently fact-dependent and cannot be resolved at the pleading stage. *See e.g. Queen,* 132 F.3d 991, 995 (4th Cir. 1997) (pattern and intent evidence) | 9 | Incomplete citation; Incorrect treatment of case. |
| Courts in this District therefore decline to strike allegations that may bear on issues such as state of mind, notice, pattern of conduct, institutional practices, punitive damages, or sanctions-related recklessness, because each of these subjects is inherently fact-dependent and cannot be resolved at the pleading stage. *See e.g. Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991) (§ 1927 requires knowing or reckless conduct); | 9 | Incorrect treatment of case. |
| Courts in this District therefore decline to strike allegations that may bear on issues such as state of mind, notice, pattern of conduct, institutional practices, punitive damages, or sanctions-related recklessness, because each of these subjects is inherently fact-dependent and cannot be resolved at the pleading stage. *See e.g. Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009) (institutional record-keeping practices relevant to spoliation). | 9 | Incorrect treatment of case. |
| The Court has affirmed that plaintiffs are entitled to frame the narrative of their own complaints. *Waste Mgmt.*, 252 F.3d at 347. | 9 | Incorrect treatment of case; Nonexistent basis |
| When Elon Musk posted "Scam Altman" on social media during jury selection in his own federal trial, Judge Gonzalez Rogers admonished him but declined to restrict his speech. *Musk v. Altman*, No. 4:24-cv-04722-YGR (N.D. Cal. Apr. 2026). | 13 | Incorrect citation; Opinion doesn't mention restrictions on speech |
| Prior restraints on attorney speech are "last resort" measures requiring a showing of substantial likelihood of material prejudice to a fair trial. *In re Murphy-Brown*, LLC, 907 F.3d 788, 796–97 (4th Cir. 2018) | 13 | Incorrect treatment of case; Opinion doesn't mention prior restraints on attorney speech. |
| Defense Counsel cites Pigford for the proposition that accusations of racism against opposing counsel | 14 | Incomplete citation; The complete citation is: *Pigford v. Veneman*, 215 F.R.D. 2 |

| | | |
|---|---|---|
| are per se scandalous and subject to striking. Pigford does not establish that rule. | | (D.D.C. 2003); Incorrect treatment of case. |
| In re Kunstler, 914 F.2d 505, 516–18 (4th Cir. 1990) (binding; sanctions appropriate where counsel knew or should have known the position lacked merit). | 20 | Opinion does not address 28 U.S.C. § 1927 sanctions; addresses "bad faith" standard under Rule 11 |